This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**VADEN BALES,**

      Plaintiff-Appellant,

**v.**                                                                 **No. A-1-CA-36104**

**TITAN DEVELOPMENT LTD. CO.,**
**TITAN DEVELOPMENT OF TEXAS,**
**LLC, TITAN PROPERTY MANAGEMENT,**
**LLC, KEVIN L. REID, and BEN F. SPENCER,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Law Office of David M. Houliston
David M. Houliston
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jocelyn Drennan
Aaron Viets
Albuquerque, NM
for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Plaintiff is appealing from a district court order granting summary judgment in Defendants' favor. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

{2} We review the district court order of summary judgment de novo. *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* When reviewing a motion for summary judgment, a court must "view the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citation omitted).

{3} Defendants' motion for summary judgment argued that Plaintiff's complaint was barred by the applicable statute of limitations. [RP 143] The applicable limitations period for a lawsuit based on an unwritten contract is four years. *See* NMSA 1978, § 37-1-4 (1880). Plaintiff resigned from his job on February 15, 2008, with a final payday on February 29, 2008, which was actually paid on March 1, 2008. [RP 143-44] The alleged breach occurred when Defendants failed to wholly compensate Plaintiff on this date. *See* NMSA 1978, § 50-4-5 (1937). As such, our calendar notice proposed to hold that the four-year limitations period expired on March 1, 2012, thereby making

Plaintiff's January 15, 2013, lawsuit barred under Section 37-1-4.

**{4}** Plaintiff continues to argue that Defendants acknowledged before and after his resignation that there was outstanding money owed to him, and that it was not until May 2010 that Defendant's first indicated that they might not pay. [RP 169-70] In effect, Plaintiff is equating the agreement to pay with an offer of settlement, which could toll the limitations period under certain circumstances or equitably estop a defendant from relying on a statute of limitations defense. However, in this case, Defendants merely made some vague promises to Plaintiff. As indicated above, the breach allegedly occurred when Defendants failed to fully compensate Plaintiff after his resignation; "[a]ny mere promise of payment thereafter would not slow the inexorable march of the statute." *Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.*, 2010-NMCA-038, ¶ 20, 148 N.M. 804, 242 P.3d 371; *see Petranovich v. Frkovich*, 1945-NMSC-037, ¶ 14, 49 N.M. 365, 164 P.2d 386 ( stating that "a new promise does not suspend the statute [of limitations] not yet run"). To the extent that Plaintiff believed that he had an interest in any investment properties that had not been sold, Plaintiff's interest could have been resolved as part of his lawsuit to determine the appropriate amount of compensation that was still due. As noted, this lawsuit was filed beyond the applicable statute of limitations period.

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**STEPHEN G. FRENCH, Judge**